# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DONALD WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CITY OF CHICAGO, Chicago Police Officers ) | |
| J. MURRAY #21128, W. BROGAN 320319, ) | |
| T. VOVOS #20308, T. CARR 320308 ) | |
| and S. CZABLEWSKI #20965, ) | |
| ) | |
| Defendants. ) | Jury Trial Demanded |

## COMPLAINT

Now Comes Plaintiff, DONALD WILLIAMS, through his attorneys, makes the following complaint against Defendants CITY OF CHICAGO, ILLINOIS ("Defendant City") and Chicago Police Officers J. MURRAY #21128, W. BROGAN 320319, T. VOVOS #20308, T. CARR 320308 and S. CZABLEWSKI #20965 ("Defendant Officers"):

## JURISDICTION & VENUE

1. This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district, and the events giving rise to the claims occurred within this district.

## PARTIES

4. Plaintiff Donald Williams is a twenty-three-year-old African-American resident of the City of Chicago, Illinois.

5. At all relevant times, Defendant Officers were Chicago police officers employed by Defendant City and acting under color of law and within the scope of their employment.

6. Defendant City is a municipal corporation, duly incorporated under the laws of the State of Illinois, and at all relevant times was the employer and principal of Defendant Officers.

## FACTS

7. On October 29, 2006, a homicide occurred in Chicago. Defendant Chicago Police Officers Murray, Brogan, Vovos, Carr and Czablewski conducted the investigation into that homicide.

8. Plaintiff Donald Williams was in no way involved in that homicide.

9. The eyewitness to the homicide provided the Defendant Officers with a description of the offender.

10. That eyewitness knew Donald Williams by name, but he did not implicate him in the crime.

11. The Defendant Officers also knew that at the time of the homicide the offender had made a statement to the effect of, "you tried to rob us."

12. The Defendant Officers also had the name of a man who had recently been involved in a feud about the purchase of a car with the deceased. This man had accused the deceased of selling him a defective car. Just days before the homicide this man and another had allegedly threatened the deceased while armed with guns.

13. Despite all of this information, Mr. Williams was targeted in the investigation.

14. On November 8, 2006, Mr. Williams was taken into police custody.

15. The Defendant Officers held and interrogated Mr. Williams for more than twenty-four hours during which time he was repeatedly threatened.

16. The Defendant Officers put Plaintiff in fear for his life by leading him to believe that if he did not do what they told him to do then he would be sent to prison for the next thirty years.

17. The Defendant Officers told Mr. Williams details of the homicide which Williams clearly did not know. The Defendants coerced and concocted a false confession, which fabricated Williams' involvement in the homicide.

18. Mr. Williams was charged with the homicide.

19. Beginning with that false charge and continuing over the next seven months, the coerced false confession was used to bring and continue criminal proceedings against Mr. Williams.

20. Seven months later, on June 15, 2009, Judge Marcus Salone granted Mr. Williams's motion to suppress the confession.

21. At all times before this coerced confession was suppressed the Defendant Officers were aware that the confession was being used in the prosecution's case against Mr. Williams.

22. The charges against Donald Williams were eventually dismissed and Mr. Williams was finally released from Cook County jail.

## Count I – 42 U.S.C. § 1983
## Coerced Confession – Fifth Amendment/Fourteenth Amendment

23.     Each of the foregoing Paragraphs is incorporated as if restated fully herein.

24.     As described more fully above, Defendants purposefully coerced a false confession from Plaintiff in violation of the Fifth Amendment of the United States Constitution.

25.     The misconduct described in this Count was objectively unreasonable and was undertaken with malice, willfulness, and reckless indifference to the rights of others.

26.     As a proximate result of the foregoing, Plaintiff suffered injury, including emotional distress.

## Count II: Due Process

27.     Each of the foregoing Paragraphs is incorporated as if restated fully herein.

28.     Defendant Officers withheld material exculpatory evidence from Plaintiff during the criminal prosecution in violation of Plaintiff's right to due process under the Fourteenth Amendment to the Constitution.

29.     As a direct and proximate result of Defendants' violation of his right to due process, Plaintiff suffered injury, including emotional distress.

## Count III: Failure to Intervene

30.     Each of the foregoing Paragraphs is incorporated as if restated fully herein.

31.     During the violations of Plaintiff's constitutional rights, as described more fully above, one or more of the Defendant Officers stood by and watched without intervening to prevent the violations of Plaintiff's constitutional rights.

32.     These officers had a reasonable opportunity to prevent the harm had they been so inclined, but failed to do so.

33. As a result of the failure of these Defendant Officers to intervene to prevent violations of Plaintiff's constitutional rights, Plaintiff suffered injury, including emotional distress.

### Count IV: Illinois Malicious Prosecution

34. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

35. As more fully stated above, Defendant Officers caused criminal proceedings against Plaintiff to be commenced and continued with malice, without probable cause, and knowing that Plaintiff was not guilty of the crime for which he had been charged.

36. Plaintiff was acquitted of all charges in a manner indicative of Plaintiff's innocence, which fully and finally terminated the case in Plaintiff's favor.

37. As a direct and proximate result of this illegal and malicious conduct, Plaintiff has suffered damages including emotional distress.

38. Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

39. At all relevant times, Defendant Officers were agents of Defendant City, and acting within the scope of their employment as a Chicago Police Officers. Defendant City, therefore, is liable as principal for all torts committed by Defendant Officers.

WHEREFORE, pursuant to 42 U.S.C. Section 1983, Plaintiff demands judgment against the Defendant for compensatory damages and, because the Defendant Ochia acted maliciously, wantonly, or oppressively, Plaintiff seeks punitive damages against him in his individual capacity, plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

RESPECTFULLY SUBMITTED,


    /s/ Christopher R. Smith
One of the Attorneys for Plaintiff

Amanda Antholt
Christopher Smith
Robert W. Johnson
James Baranyk
Jennifer Marsh
Smith, Johnson & Antholt LLC
112 S. Sangamon Street, 3rd Floor
Chicago, IL 60607
312.432.0400