IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONALD WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No.: 10-cv-02423 |
| ) | |
| CITY OF CHICAGO, et. al., ) | Judge Robert M. Dow, Jr. |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants' joint motion to dismiss [21] Plaintiff's amended complaint [24, Ex. A].[1] For the reasons stated below, the Court grants in part and denies in part Defendants' motion [21].

**I.    Background[2]**

On November 8, 2006, the Chicago Police Department took Plaintiff Donald Williams ("Plaintiff") into custody as a suspect in a homicide that had taken place in Chicago ten days earlier. Defendant Chicago Police Officers J. Murray, W. Brogan, T. Vovos, T. Carr, and S. Czablewski (collectively, "the Defendant Officers"), who were conducting the investigation into the homicide, held and interrogated Plaintiff for more than twenty-four hours. According to Plaintiff, during the interrogation, the Defendant Officers informed Plaintiff of the homicide and concocted and coerced a false confession that implicated Plaintiff in the homicide. Plaintiff alleges that the Defendant Officers put Plaintiff "in fear for his life by

---

[1]  Together with his response [24] to Defendants' motion to dismiss, Plaintiff filed a motion for leave to amend his complaint and a proposed amended complaint [24, Ex. A]. Defendants' reply brief [33] addresses the new allegations in the proposed amended complaint. The Court grants Plaintiff's motion for leave to amend the complaint [24].

[2]  For purposes of Defendants' motion to dismiss, the Court assumes as true all well-pleaded allegations that are set forth in Plaintiff's amended complaint. See, *e.g., Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

leading him to believe that if he did not do what they told him to do then he would be sent to prison for the next thirty years." [24, Ex. A. at ¶¶ 15-16].

Plaintiff alleges that the Defendant Officers interrogated him despite being aware of evidence indicating that another individual was responsible for the homicide. Defendants had questioned an eyewitness to the homicide who provided a description of the offender. The eyewitness did not implicate Plaintiff, although the eyewitness knew Plaintiff by name. The Defendant Officers also knew the identity of a man who recently had been involved in a feud with the homicide victim over the purchase of a car. The Defendant Officers were aware that the man involved in the car transaction had accused the victim of selling him a defective car, and had, with another man, made an armed threat to the victim a few days before the homicide. The Defendant Officers knew that in the course of the homicide, the offender said to the victim, "you tried to rob us." [24, Ex. A, at ¶ 12.]

Plaintiff further alleges that the Defendant Officers coerced a false confession from Plaintiff despite their awareness of evidence that pointed to a man other than Plaintiff. Plaintiff then was charged with homicide. The coerced confession was used to bring and continue criminal proceedings against Plaintiff in the Circuit Court of Cook County. Plaintiff moved to suppress his confession on August 20, 2008. Plaintiff's suppression motion and the coerced confession that the motion concerned were considered in court proceedings on August 20, 2008, March 18, 2009, May 21, 2009, and May 29, 2009. During those proceedings, the court heard witness testimony and evidence relating to the confession, and viewed a video of Plaintiff's interrogation and confession. The judge granted Plaintiff's motion to suppress the confession on June 15, 2009. The charges against Plaintiff were subsequently dismissed, and Plaintiff was released from custody.

On April 20, 2010, Plaintiff filed a complaint against the Defendant Officers and Defendant City of Chicago. The initial complaint set forth four counts: (1) a 42 U.S.C. §

1983 claim confession in violation of the Fifth and Fourteenth Amendments (Count I); (2) a § 1983 claim asserting that Plaintiff's Fourteenth Amendment right to due process was violated when the Defendant Officers withheld material exculpatory evidence from Plaintiff during the criminal prosecution (Count II); (3) a § 1983 claim asserting that the Defendant Officers failed to intervene to prevent violations of Plaintiff's constitutional rights (Count III); and (4) a state law malicious prosecution claim (Count IV). Plaintiff seeks compensatory damages, punitive damages, and litigation costs and attorneys' fees. Defendants filed a motion to dismiss [21] Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.     Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). The factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 569 n.14). In other words, the pleading must allege facts that plausibly suggest the claim asserted. *Twombly*, 550 U.S. at 570. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). However, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the * * * claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (citing

3

*Twombly*, 550 U.S. at 555) (omission in original). The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

**III. Analysis**

Defendants contend that Counts I, II, and III of Plaintiff's complaint should be dismissed as time-barred. Defendants state that the limitations period for these counts is two years. Plaintiff filed his initial complaint on April 20, 2010. Defendants argue that the coerced confession that forms the basis of Counts I, II, and III was first used in the criminal proceedings against Plaintiff more than two years before that date. Defendants attached to their motion to dismiss a docket sheet from Plaintiff's criminal case in support of their argument.

Defendants also contend that Count II is deficient as a matter of law and was insufficiently pleaded, and that Count III should be dismissed because Plaintiff fails to establish an underlying constitutional violation. Finally, Defendants contend that the Court should decline to exercise supplemental jurisdiction over Count IV and dismiss that count as well because all three federal law claims should be dismissed.

As an initial matter, Plaintiff argues that the Court may not consider the criminal docket sheet at this stage of the case, arguing that "evidence beyond the pleadings should not be considered for the purposes of Rule 12(b)(6)." [24, at 2]. Defendants respond that "courts can consider items subject to judicial notice and matters of public record" in considering 12(b)(6) motions. [33, at 3].

In general, when a defendant attaches exhibits to its motion to dismiss, a court may not consider the exhibits in connection with a motion to dismiss but instead must convert the motion into a motion for summary judgment. See, *e.g.*, *R.J.R. Servs., Inc. v. Aetna Cas. and Sur. Co.*, 895 F.2d 279, 281 (7th Cir. 1988) (holding that "if matters outside the pleadings are

presented to and considered by the court in connection with a motion to dismiss, the district court is required to treat the motion to dismiss as a summary judgment motion"). When the exhibits are matters of public record, however, a court may take judicial notice of them for purposes of deciding the motion to dismiss without converting the 12(b)(6) motion into a motion for summary judgment. See *Palay v. United States*, 349 F.3d 418, 425, n.5 (7th Cir. 2003) (holding that "in resolving a motion to dismiss, the district court is entitled to take judicial notice of matters in the public record"); *Anderson v. Simon*, 217 F.3d 472, 474-75 (7th Cir. 2000) (same).

Here, because the certified docket sheet that Defendants attached to their motion to dismiss forms part of the public record, the Court is entitled to take judicial notice of the exhibit. However, taking judicial notice of the certified docket does not, as Defendants suggest, resolve the matter of whether Plaintiff's § 1983 claims are time-barred. Plaintiff alleges in his amended complaint that he filed a motion to suppress on August 20, 2008. The docket sheet shows that Plaintiff filed two motions on August 20, 2008: a motion to quash arrest and a motion to suppress evidence. Defendants contend that Plaintiff filed a motion to suppress his coerced confession on December 19, 2007. The docket sheet shows that on December 19, 2007, Plaintiff filed three motions: a motion to quash arrest, a motion to suppress evidence, and a motion to suppress statements. As discussed in detail below, if Plaintiff's allegations are true, his claims may not be time-barred. If Defendants' contentions are true, Plaintiff's claims may be time-barred.

Although the docket sheet reflects that Plaintiff filed motions to suppress on both December 19, 2007, and on August 20, 2008, the docket sheet does not make clear what evidence the motions sought to suppress. Accordingly, the Court cannot infer from the docket sheet that the motion filed on December 19, 2007, was the motion in which Plaintiff moved to suppress his false confessions. In a Rule 12(b)(6) motion to dismiss, the Court must "accept[]

the well-pleaded allegations in the amended complaint as true and draw[] all reasonable inferences in favor of the plaintiff[] * * *." *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000) (citing *Biblia Abierta v. Banks*, 129 F.3d 889, 902-03 (7th Cir. 1997)). The Court therefore accepts as true Plaintiff's allegation that he moved to suppress the coerced confession on August 20, 2008 (an allegation that does not contradict the docket sheet).

### A. Statute of Limitations Periods Governing Plaintiff's Complaint

The statute of limitations bar is an affirmative defense, and a plaintiff is not required to negate an affirmative defense in his complaint. See, *e.g., Clark v. City of Braidwood*, 318 F.3d 764, 767 (7th Cir. 2003). However, "if a plaintiff pleads facts that show its suit [is] barred by a statute of limitations, it may plead itself out of court under a Rule 12(b)(6) analysis." *Whirlpool Financial Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995); see also *Tregenza v. Great Am. Commc'ns Co.*, 12 F.3d 717, 718 (7th Cir. 1993) (holding that "if [a plaintiff] pleads facts that show that his suit is time-barred or otherwise without merit, he has pleaded himself out of court"). Thus, when the face of a complaint indicates affirmatively that the time limit for bringing the claim has passed, the plaintiff may not escape the statute of limitations by failing to address the issue. See *Kathaur SDN BHD v. Sternberg*, 149 F.3d 659, 670 n.14 (7th Cir. 1998), abrogated on other grounds by *Morrison v. Nat'l Australia Bank Ltd.*, 130 S. Ct. 2869 (2010).

When a § 1983 claim accrues is a question of federal law. See *Wallace v. Kato*, 549 U.S. 384, 388 (2007). However, the length of the limitations period for a § 1983 action is determined by reference to state law personal injury torts. See *Owens v. Okure*, 488 U.S. 235, 240-41, 249-250 (1989) (quoting and clarifying *Wilson v. Garcia*, 471 U.S. 261 (1985)). In Illinois, the pertinent limitations provision requires a would-be plaintiff to bring suit within two years of a cause of action's accrual. See 735 ILCS 5/13-202; *Jenkins v. Vill. of*

*Maywood*, 506 F.3d 622, 623 (7th Cir. 2007). Thus, § 1983 claims in Illinois also are governed by a two-year statute of limitations. See *Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998).

Illinois local governmental entities and their employees benefit from a one-year statute of limitations for civil actions against them. See 745 Ill. Comp. Stat. 10/8-101 (providing that "[n]o civil action * * * may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued"). Therefore, "[w]hile the two-year period still applies to § 1983 claims against such defendants * * *, the one-year period applies to state-law claims that are joined with a § 1983 claim." *Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005) (citations omitted).

Here, Plaintiff's § 1983 claims (Counts I-III) are subject to the two-year statute of limitations. Plaintiff's state law claim (Count IV) for malicious prosecution is subject to a one-year statute of limitations.

### B. Count I: § 1983 Coerced Confession Claim

The Seventh Circuit has held that, in general, a plaintiff asserting a Fifth Amendment violation on the basis of a coerced confession under § 1983 has a complete cause of action and that the cause of action began to accrue "'when the plaintiff knows or should know that his or her constitutional rights have been violated.'" *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993) (quoting *Wilson v. Giesen*, 956 F.3d 738, 740 (7th Cir. 1992)). For example, in *Lanza v. City of Chicago*, the plaintiff filed in 2008 a § 1983 complaint that set out a Fifth Amendment false confession claim based on an incident that took place in 2001. See *Lanza v. City of Chicago*, 2009 WL 1543680, at *1 (N.D. Ill. Jun. 2, 2009). The court held that the claim was time-barred because the plaintiff "learned of the confession at his 2001 probable cause hearing and moved to have it suppressed at a hearing in 2002. Therefore, [the plaintiff]

7

had a complete cause of action in either 2001 or 2002 and knew or reasonably should have known of the confession against him at that time." *Id.* at *3.

Plaintiff argues that a § 1983 coerced confession claim accrues when the confession was *last* used in criminal proceedings, and submits that in his case the confession was last used when his motion to suppress his confession was granted on June 15, 2009. Plaintiff relies primarily on four cases for his "last used accrual" argument: *Large v. County of Montgomery*, 307 Fed. Appx. 606 (3d Cir. 2009); *Hannon v. Sanner*, 2008 WL 2492410, at *1 (Minn. App. Jun. 24, 2008); *Crowe v. County of San Diego*, 608 F.3d 406 (9th Cir. 2010); and *Sornberger v. City of Knoxville*, 434 F.3d 1006 (7th Cir. 2006). Of course, the first three cases are not binding on this Court. More fundamentally, none of the cases supports Plaintiff's "last used accrual" argument.

*Large* and *Hannon* do not advance Plaintiff's "last used accrual" argument. See *Large*, 307 Fed. Appx. at 608-09; *Hannon*, 2008 WL 2492410, at *3. In *Large*, the first date on which the § 1983 plaintiff's coerced confession was used was unknown. See *Large*, 307 Fed. Appx. at 608. The Third Circuit therefore "[c]redit[ed] [the plaintiff] with the latest possible date" on which the claim could have accrued, which was the date of his guilty verdict. *Id.* at 609 n.2. The court did not, as Plaintiff suggests, establish a bright-line rule that the last date that the confession could have been used is *always* the date on which a § 1983 coerced confession claim begins to accrue. Indeed, the Third Circuit suggested that it would have deemed the limitations clock to have begun running on the date that the coerced confession was *first* used had it known when that date was. *Id.* *Hannon* presented almost the same issue as *Large*. See *Hannon*, 2008 WL 2492410 at *3. The court in *Hannon* did not know the date on which the plaintiff's coerced confession was first used in his criminal case. *Id.* It therefore used the date of the plaintiff's conviction to determine the accrual date for limitations period purposes. *Id.* at **3-4.

*Crowe* also fails to support Plaintiff's argument. See *Crowe*, 608 F.3d at 431. In *Crowe*, the Ninth Circuit addressed the question of whether a plaintiff can bring a § 1983 claim based on a coerced confession if the charges that were based on that confession were dismissed before the case went to trial. See *id.* at 426-27. The court considered the question in light of *Chavez v. Martinez*, in which the Supreme Court determined that in order to be able to bring a § 1983 case based on a coerced confession, the confession must have been used against the § 1983 plaintiff "in a criminal case." *Chavez v. Martinez*, 538 U.S. 760, 770 (2003). The Court in *Chavez* held that if charges are never brought, then there is not a "criminal case" and therefore a plaintiff may not assert a § 1983 claim on the basis of the coerced confession. *Id.* at 772. *Chavez* left open the question of whether a plaintiff may assert a § 1983 coerced confession claim when charges are brought but dismissed before trial. The Ninth Circuit in *Crowe* determined that, for purposes of bringing a § 1983 coerced confession claim, "a Fifth Amendment cause of action against the relevant defendants arose when [plaintiffs'] coerced statements were introduced against them during pre-trial proceedings." *Crowe*, 608 F.3d at 431. *Crowe* arguably cuts against Plaintiff in suggesting that the introduction a coerced confession during early stages of a criminal case is the date of accrual for § 1983 purposes. At a minimum, it does not touch directly on the statute of limitations issue at the heart of this case.

Plaintiff's reliance on *Sornberger* is similarly misplaced. In *Sornberger*, as in *Crowe*, the court considered whether an individual against whom charges based on a false confession had been brought but dismissed prior to trial could bring a § 1983 claim based on the coerced confession. *Sornberger*, 434 F.3d at 1026-27. The Seventh Circuit held (and Plaintiff quotes) that "courtroom uses" of the coerced confession – such as the probable cause hearing, the arraignment, and bail hearing – were all "courtroom proceedings" that could form the basis of a § 1983 claim even if charges against the confessor were ultimately dismissed. *Id.* Like

9

*Crowe*, *Sornberger* does not discuss when the § 1983 claim accrues for statute of limitations purposes. See *id.* If anything, however, *Sornberger* supports the conclusion that Plaintiff's "last use accrual" rule is not the correct interpretation of relevant case law. See *id.* at 1027 (holding that a coerced confession was used for courtroom purposes – and so enabled plaintiff to bring a § 1983 suit – when it was introduced as evidence of guilt in plaintiff's initial appearances in her criminal case).

Defendants argue that Plaintiff's coerced confession was first "used" for statute of limitations purposes no later than December 19, 2007, when Defendants allege that Plaintiff filed his motion to suppress his confession.[3] In support of this argument, Defendants rely on *Lanza*, 2009 WL 1543680, at *1 (discussed above); *Gonzalez v. Entress*, 133 F.3d 551, 555 (7th Cir. 1998); and *Wallace v. Kato*, 549 U.S. 384 (2007). In *Gonzalez*, the Seventh Circuit held that a § 1983 suit based on a Fourth Amendment violation based on excessive force accrues at the time of the violation because "[a]pplication of excessive force at a police station violates the Constitution and is immediately actionable." *Gonzalez*, 133 F.3d at 555. In *Wallace*, the Supreme Court determined that the statute of limitations for a § 1983 false arrest claim alleging a Fourth Amendment violation "begins to run at the time the claimant becomes detained pursuant to legal process." 549 U.S. at 397. Defendants argue that Plaintiff was "receiving legal process" as of December 19, 2007, and that he therefore had a "complete and present cause of action" as of that date. *Id.* at 388 (internal quotations omitted).

The Court is not persuaded to extend the holding of *Gonzalez* or *Wallace* to the Fifth Amendment context – particularly in view of Plaintiff's allegations that notwithstanding his allegedly coerced confession, the Defendant Officers were aware of evidence that pointed to another possible

---

[3] Defendants also suggest that Plaintiff's claim accrued as early as December 11, 2006, the date of Plaintiff's indictment, but focus their argument on the alleged December 19, 2007, filing date of the motion to suppress.

suspect.  Moreover, as discussed above, the parties dispute when Plaintiff filed the motion to suppress the confession.  Plaintiff alleges in his complaint that he filed the motion to suppress on August 20, 2008; Defendants allege that Plaintiff filed the motion to suppress on December 19, 2007; the docket sheet lacks sufficient clarity to resolve definitively the dispute. Accepting Plaintiff's allegations as true for purposes of this motion, the Court concludes that the coerced confession was first used in the motion to suppress that Plaintiff filed on August 20, 2008.  Because Plaintiff filed his initial complaint on April 20, 2010 – less than two years later – Count I of his complaint is not time-barred.  The Court therefore denies Defendants' motion as to Count I.

### C. Count II: § 1983 Due Process Claim

Defendants seek to dismiss Count II of Plaintiff's complaint on the grounds that (1) there was no due process violation because Plaintiff's case never went to trial, (2) there was no *Brady* violation because Plaintiff's case never went to trial, and (3) notwithstanding the first two arguments, Plaintiff failed to sufficiently plead a *Brady* violation.

In Count II, Plaintiff alleges that the Defendant Officers "withheld material exculpatory evidence from Plaintiff during the criminal prosecution in violation of Plaintiff's right to due process under the Fourteenth Amendment to the Constitution."  [24, Ex. A, at ¶ 32.]  Plaintiff further alleges that "[d]uring the criminal investigation of Mr. Williams and his co-defendant, the Defendant Officers purposefully manipulated the identification of Mr. Williams' co-defendant by instructing at least one witness whom to identify."  [*Id.* at ¶ 23.]  Plaintiff contends that the Defendant Officers did not disclose to Plaintiff, his co-defendant in the underlying criminal case, or the prosecuting attorneys that they had improperly instructed the witness to make the identification.  Plaintiff alleges that he suffered injury as a result of this alleged failure to disclose.

Plaintiff asserts that "[i]t has long been recognized that tampering with witness identifications through suggestive line-ups or by coercing false identifications can establish a due process violation." [24, at 7.] He cites two cases, *Hensley v. Carey*, 818 F.2d 646, 648-50 (7th Cir. 1987), and *Alexander v. City of South Bend*, 433 F.3d 550, 555 (7th Cir. 2006), to support this point.

In *Hensley*, the plaintiff was charged with attempted rape after he was subjected to a suggestive lineup. *Hensley*, 818 F.2d at 647. After further investigation, the police determined that despite the lineup identification, the plaintiff was not involved in the attempted rape, and they dismissed all charges against him. *Id*. The plaintiff then filed a § 1983 suit alleging that he had been subjected to a suggestive line-up in violation of his Fifth, Sixth, and Fourteenth Amendment rights. *Id.* The Seventh Circuit acknowledged that the procedural safeguards that are designed to protect criminal defendants include barring "the admission of evidence at trial derived from an unnecessarily suggestive lineup or confrontation with a witness." *Id.* at 648. The court held, however, that these safeguards "protect only against the admission of unreliable evidence *at trial*, and do[] not establish a constitutional right to be free of suggestive lineups * * *." *Id.* (emphasis added). Thus, the court held that a plaintiff must have been deprived of his right to a fair trial to mount a § 1983 claim arising out of participation in an unduly suggestive lineup. *Id.* at 649.

Similarly, in *Alexander*, the Seventh Circuit held that the Constitution "guarantee[s] the right to a *fair trial* * * * and that right is violated if unduly suggestive identification techniques are allowed to *taint the trial*." *Alexande* , 433 F.3d at 555 (emphasis added). In *Alexander*, the plaintiff filed a § 1983 suit alleging that his constitutional rights had been violated when he was subjected to a flawed criminal investigation – including faulty photo arrays and a suggestive line-up. *Id*. at 552, 554. Unlike in *Hensley*, the plaintiff's case went to trial and resulted in his conviction for multiple rapes (for which he was later exonerated by

DNA evidence). *Id.* at 552. In the plaintiff's § 1983 case, the district court granted summary judgment for the defendants, and the plaintiff appealed. *Id.* On appeal, the Seventh Circuit noted that the plaintiff had told the court "almost nothing about his trial," and therefore the court could not determine whether flaws in the investigation techniques "compromised the constitutional right to a fair trial." *Id.* at 555. The Seventh Circuit held that a plaintiff with a claim like his must sufficiently demonstrate "that unduly suggestive identification procedures led to an unreliable identification that *undermined the fairness of his trial*. Hensley could not do it because he was never tried; Alexander has not done it (even if he could have)." *Id.* at 556 (emphasis added). The Seventh Circuit therefore affirmed the district court's decision. *Id.* at 555-56.

Here, as in *Hensley*, the charges against Plaintiff were dismissed before his case went to trial. As noted by the court in *Alexander*, "flawed identification procedures are not themselves constitutional violations." 433 F.3d at 555. Because the identification of Plaintiff's co-defendant did not taint Plaintiff's trial, Plaintiff cannot maintain a § 1983 claim based on a faulty identification.[4]

As Defendants note, Count II of Plaintiff's complaint suggests also that the Defendant Officers violated *Brady v. Maryland*, 373 U.S. 83 (1963). "A *Brady* violation occurs when the government fails to disclose evidence materially favorable to the accused." *Youngblood v. West Virginia*, 547 U.S. 867, 869 (2006). A plaintiff asserting a *Brady* claim must demonstrate that: the evidence at issue is favorable to the accused because it is exculpatory or impeaching; the evidence was suppressed by the government willfully or inadvertently; and

---

[4] Of course, even if Plaintiff's case had gone to trial, the issue would remain as to whether Plaintiff has standing to mount a claim based on the allegedly suggestive line-up to which his co-defendant was subjected. See *U.S. ex rel. Falconer v. Pate*, 319 F. Supp. 206, 210 (N.D. Ill. 1970) (holding that "[t]he personal nature of the Fifth Amendment guarantee manifestly precludes petitioner from claiming any error because of [the co-defendant's] alleged deprivation" (citing cases from the Eighth, Ninth, and D.C. Circuits)); *cf. United States ex rel. Cunningham v. DeRobertis*, 719 F.2d 892, 896 (7th Cir. 1983) (suggesting that a petitioner might have standing to claim a Fifth Amendment violation where co-defendant's unconstitutionally obtained confession was used against petitioner at trial).

13

the evidence was material (*i.e.*, that there is reasonable probability that prejudice ensued). *Carvajal v. Dominguez*, 542 F.3d 561, 566-67 (7th Cir. 2008). "A court may find that a *Brady* violation has occurred even when the suppressed evidence is known only to police investigators and not to the prosecutor." *Bielanski v. County of Kane*, 550 F.3d 632, 643 (7th Cir. 2008) (citing *Youngblood*, 547 U.S. at 869; *Kyles v. Whitley*, 514 U.S. 419, 438 (1995)).

Defendants argue that any implicit *Brady* claim in Plaintiff's complaint "fails to set forth a due process violation because Plaintiff's criminal case never went to trial * * *." [33, at 10.] The Seventh Circuit held recently that a § 1983 plaintiff against whom charges had been dismissed prior to trial may not make out a *Brady* violation claim. See *Ray v. City of Chicago,* 629 F.3d 660, 664 (7th Cir. 2011). In *Ray*, the plaintiff was pulled over by police officers for operating her vehicle at night without headlights on. *Id.* at 661-62. The officers found a plastic bag containing what they believed to be cocaine in the plaintiff's car and placed her under arrest. *Id.* at 662. The plaintiff was charged with possession of a controlled substance, but the charge was dismissed at her first court appearance. *Id.* The plaintiff filed a complaint against the City of Chicago and one of the officers who had arrested her, asserting a § 1983 claim alleging she had been deprived of her Fourth and Fourteenth Amendment rights. *Id.* The district court granted the defendants' motion to dismiss, and the plaintiff appealed. *Id.* Upon review, the Seventh Circuit noted that Ray had tried to recast what she originally presented as a malicious prosecution claim in her complaint as a *Brady* claim, "but even if she had originally presented the district court with a *Brady* claim, it too would have been properly dismissed." *Id*. at 664. The court found that it had never "allowed [§ 1983] suits [alleging *Brady* violations] when the individual is merely charged with a crime, but never fully prosecuted." *Id.*; see also *Garcia v. City of Chicago,* 24 F.3d 966, 971-72 (7th Cir. 1994) (holding that there would be no basis for a *Brady* claim where the charges against an individual are dismissed pursuant to a *nolle prosequi* order). Because the charges against the

plaintiff were dismissed at her first post-arrest court appearance, the court held that the plaintiff could not bring a § 1983 suit based on an allegation that the government withheld material exculpatory evidence in violation of *Brady*. *Ray*, 629 F.3d at 664.

In this case, charges against Plaintiff were dismissed before Plaintiff was fully prosecuted. Thus, Plaintiff may not make out a *Brady* violation claim. See *Ray*, 629 F.3d at 664. The Court grants Defendants' motion to dismiss Count II of Plaintiff's complaint.[5]

### D. Counts III and IV

Defendants argue that Count III (failure to intervene) should be dismissed as time-barred. For the reasons stated above, accepting all of Plaintiff's allegations as true, the Court concludes that Plaintiff filed his complaint within the requisite two-year limitations period.

Defendants also argue that Count III and Count IV (malicious prosecution) fail as a matter of law because they are predicated on Count I and Count II, which Defendants contend are subject to dismissal. Specifically, Defendants argue that Plaintiff cannot maintain a claim of failure to intervene because he cannot establish a viable underlying constitutional claim. Defendants further argue that the Court should decline to exercise supplemental jurisdiction over the state law malicious prosecution claim because the remaining federal law claims should be dismissed. However, because the Court denies Defendants' motion to dismiss Count I, Count III and Count IV do not fail as a matter of law. The Court therefore denies Defendants' motion to dismiss Count III and Count IV.

---

[5] Defendants also argue that Count II of Plaintiff's complaint should be dismissed because it fails to satisfy the pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1949 (2009). Defendants contend that Plaintiff "never alleges how evidence relating to a third party is exculpatory." [33, at 14]. Defendants request that if the Court denies its motion to dismiss Count II, then the Court should grant its alternate motion for a more definite statement under Federal Rule of Civil Procedure 12(e). Because the Court dismisses Count II for the reasons stated above, the Court denies as moot Defendants' alternate request for a more definite statement and does not reach Defendants' argument as to sufficiency of the pleading.

15

**III.    Conclusion**

For the foregoing reasons, this Court denies Defendants' motion [21] to dismiss with respect to Counts I, III, and IV of Plaintiff's complaint, and grants Defendants' motion with respect to Count II of Plaintiff's complaint.

Dated:  March 14, 2011                     _____
                                           Robert M. Dow, Jr.
                                           United States District Judge