# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DONALD WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No.: 10-cv-02423 |
| ) | |
| CITY OF CHICAGO, et. al., ) | Judge Robert M. Dow, Jr. |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' motion [53] for relief from the Court's March 14, 2011 order [52] granting in part and denying in part Defendant's motion to dismiss Plaintiff's complaint. For the reasons stated below, the Court grants Defendants' motion [53].

## I. Factual and Procedural Background

Chicago Police Officers ("Defendants") arrested and detained Plaintiff Donald Williams ("Plaintiff") on November 8, 2006, as a suspect in a homicide that had taken place in Chicago ten days earlier. Plaintiff alleges that Defendants had information implicating another individual in the homicide. Plaintiff alleges that Defendants nonetheless subjected him to a lengthy interrogation, during which they concocted and coerced a false confession that Plaintiff had committed the homicide. On the basis of the coerced confession, Plaintiff was charged with homicide and prosecuted in the Circuit Court of Cook County. Plaintiff filed a motion to suppress the allegedly coerced confession. The motion was continued several times, and ultimately rendered moot by the dismissal of the charges against Plaintiff on June 15, 2009. Plaintiff was then released from custody.

On April 20, 2010, Plaintiff filed a complaint against the Defendant Officers and Defendant City of Chicago. The initial complaint set forth four counts: (1) a 42 U.S.C. § 1983 claim of coerced confession in violation of the Fifth and Fourteenth Amendments (Count I); (2) a § 1983 claim that Plaintiff's Fourteenth Amendment right to due process was violated when the Defendant Officers withheld material exculpatory evidence from Plaintiff during the criminal prosecution (Count II); (3) a § 1983 claim that the Defendant Officers failed to intervene to prevent violations of Plaintiff's constitutional rights (Count III); and (4) a state law malicious prosecution claim (Count IV).

Defendants filed a motion to dismiss [21] Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants sought to dismiss Count I of Plaintiff's complaint on statute of limitations grounds. Specifically, Defendants stated that Plaintiff filed a motion to suppress the coerced confession on December 19, 2007, and thus could be charged with knowledge of the alleged constitutional violation as of that date. As more than two years had elapsed between the filing of the motion to suppress and the filing of the instant lawsuit, Defendants argued that the case was time-barred. Defendants attached to their motion a criminal docket sheet indicating that Plaintiff had filed a motion to suppress on December 19, 2007, as well as a motion to suppress on August 20, 2008. The docket sheet did not, however, indicate what statements or other evidence either motion sought to suppress. Plaintiff stated that the coerced confession was the subject of the August 20 motion, which rendered his case timely. Plaintiff further stated that the coerced confession was "used" against him in courtroom proceedings each time the motion was considered and continued in court – March 18, 2009; May 21, 2009; and May 29, 2009 – as well as on June 15, 2009, the date on which the court dismissed the charges against Plaintiff because they had been brought as a result of the coerced confession.

Plaintiff argued that the accrual date should be the date on which the coerced confession was last used in court – that is, June 15, 2009.

In its prior opinion [52], the Court rejected Plaintiff's "last used accrual date" theory. After extensive discussion of relevant case law, the Court concluded that Fifth Amendment violations arising from coerced confessions begin to accrue on the date that the coerced confession was *first* used in a courtroom proceeding. See *Sornberger v. City of Knoxville*, 434 F.3d 1006 (7th Cir. 2006); *Large v. County of Montgomery*, 307 Fed. Appx. 606 (3d Cir. 2009); *Hannon v. Sanner*, 2008 WL 2492410, at * 1 (Minn. App. Ct. Jun. 24, 2008); *Crowe v. County of San Diego*, 608 F.3d 406 (9th Cir. 2010). However, the Court held that because the docket sheet was insufficiently specific as to whether the December 19, 2007, or the August 20, 2008, motions to suppress concerned the coerced confession, and because the Court must accept Plaintiff's allegations as true, the statute of limitations could only be deemed to have begun running on August 20, 2008, and thus the claim was not time-barred. The Court therefore denied Defendant's motion to dismiss with respect to Count I of Plaintiff's complaint.

Defendant also argued in its motion to dismiss that Count II should be dismissed because no *Brady* claim exists if a case has not been brought to trial, that Count III (failure to intervene to prevent violations of Plaintiff's constitutional rights) should be dismissed because it is premised on time-barred claims of constitutional violations, and that the state law claims in Counts III and IV should fail as a matter of law because they were predicated on Counts I and II. The Court granted Defendant's motion with respect to Count II of Plaintiff's complaint after concluding that Plaintiff could not maintain a *Brady* claim because the charges against Plaintiff were dismissed before he was brought to trial. The Court denied Defendants' motion as to Count III after concluding that, as with Count I, it was not time-barred. The Court also denied Defendants'

3

motion as to Count IV because the Court continued to have supplemental jurisdiction over the state law claims as long as one or more federal claims remained viable.

**II.     Legal Standard on a Rule 60(b) Motion**

A motion for reconsideration may be brought "to correct manifest errors of law or fact or to present newly discovered evidence." *Murray v. GMAC Mortgage Corp.*, 2005 WL 3088435, at *1 (N.D. Ill. Nov. 15, 2005) (quoting *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996)); see also *Telewizja Polska USA, Inc. v. Echostar Satellite Corp.*, 2005 WL 289967, at *1 (N.D. Ill. Feb. 4, 2005). Thus, a motion to reconsider is appropriate where "a court has patently misunderstood a party, made a decision outside the adversarial issues presented, [or] made an error not of reasoning but of apprehension * * *." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). A motion to reconsider also may be appropriate if there has been "a controlling or significant change in the law or facts since the submission of the issue to the Court." *Id.* at 1191. However, because judicial opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure" (*Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)), "motions to reconsider are not appropriate vehicles to advance arguments already rejected by the Court or new legal theories not argued before the ruling" (*Zurich Capital Mkts., Inc. v. Coglianese*, 383 F. Supp. 2d 1041, 1045 (N.D. Ill. 2005)).

"Relief under Rule 60(b) is an extraordinary remedy that is to be granted only in exceptional circumstances." *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir. 1995). A Rule 60(b) motion permits relief from judgment when it is based on one of six specific grounds listed in the rule:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move

> for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

See FED. R. CIV. P. 60(b); see also *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992) (explaining that Rule 60(b) motions "must be shaped to the specific grounds for modification or reversal found in 60(b) – they cannot be general pleas for relief"). "A contention that a judge erred with respect to the materials in the record is not within Rule 60(b)'s scope[.]" *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002).

### III. Analysis

Plaintiff's remaining § 1983 claim (Counts I) is subject to a two-year statute of limitations period. See *Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998). In general, a plaintiff asserting a Fifth Amendment violation on the basis of a coerced confession under § 1983 has a complete cause of action and the cause of action begins to accrue "'when the plaintiff knows or should know that his or her constitutional rights have been violated.'" *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993) (quoting *Wilson v. Giesen*, 956 F.3d 738, 740 (7th Cir. 1992)). The Seventh Circuit has articulated a two-part inquiry for determining the date of accrual of § 1983 claims. *Hileman v. Maze*, 367 F.3 694, 696 (7th Cir. 2004). First, the court should identify the injury of which the plaintiff complains. *Id.* Second, the court should determine when the plaintiff could have filed suit for that injury. *Id.*

Defendants attached to their Rule 60(b) motion for relief from judgment a copy of Plaintiff's December 19, 2007, motion to suppress.[1] The motion to suppress contends that

---

[1] A court may take judicial notice of matters of public record for purposes of deciding a motion to dismiss without converting the motion into a motion for summary judgment. See *Palay v. United States*,

Plaintiff's statements were "not the free and rational choice of the accused and were not made voluntarily, knowingly and intelligently in violation of the 5th and 14th Amendments to the Constitution of the United States." [53, Ex. A at ¶ 3.] The motion further asserts that "the statements sought to be suppressed were obtained as a result of the psychological and mental coercion illegally directed against the defendant." [53, Ex. A at ¶ 4.] Defendants contend that because the December 19, 2007, motion to suppress concerns the coerced confession, then (1) Plaintiff must have known at least as of that date that his constitutional rights had been violated, and (2) the limitations period for Plaintiff's § 1983 coerced confession claim (Count I) must be deemed to have accrued on that date. Defendants further contend that because Plaintiff did not file his lawsuit until more than two years after the date of accrual, Count I is barred by the statute of limitations, and Count III (failure to intervene) – which is premised on the constitutional violation alleged in Count I – is also time-barred.

In his response, Plaintiff concedes that the December 19, 2007, motion to suppress indeed concerns the coerced confession. Furthermore, Plaintiff abandons his "last used accrual date" theory (quite appropriately, as the Court considered and rejected that theory after lengthy discussion in its previous order (see *Zurich Capital Mkts., Inc. v. Coglainese*, 383 F. Supp. 2d 1041, 1045 (N.D. Ill. 2005) (holding that "motions to reconsider are not appropriate vehicles to advance arguments already rejected by the Court"))). However, Plaintiff asserts a new "continuing violation" theory in an effort to address the statute of limitations issue identified by Defendant. Plaintiff argues that the state court did not consider his December 19, 2007 motion to suppress until August 20, 2008 – eight months after it was filed; did not hold evidentiary hearings on the motion to suppress until March 18, 2009, May 21, 2009, and May 29, 2009; and

---

349 F.3d 418, 425, n.5 (7th Cir. 2003) (holding that "in resolving a motion to dismiss, the district court is entitled to take judicial notice of matters in the public record"); *Anderson v. Simon*, 217 F.3d 472, 474-75 (7th Cir. 2000) (same).

did not decide that the charges against Plaintiff were brought as a result of the coerced confessed and dismiss the case (thus rendering the motion moot) until June 15, 2009. Plaintiff argues that each time that the motion was considered in court constitutes a courtroom "use" of the coerced confession. Plaintiff further argues that each "use" constitutes a violation of his Fifth Amendment rights, and thus that the claim accrued anew with each "use." Under Plaintiff's theory, the "uses" of the alleged violation of his Fifth Amendment rights that occurred when he filed his motion to suppress on December 19, 2007, and again when the motion was heard on March 18, 2009, would be time-barred, but the "uses" of the motion on May 21, 2009 and May 29, 2009, and the "use" in connection with the dismissal of the charges on June 15, 2009, would not be time-barred.

In support of his argument, Plaintiff urges the Court to extend the holding of *Heard v. Sheahan*, 253 F.3d 316 (7th Cir. 2001), from the Eighth Amendment to the Fifth Amendment context. In *Heard*, the Seventh Circuit considered when the statute of limitations began to accrue in a prisoner's § 1983 suit charging defendant prison officials with inflicting cruel and unusual punishment on plaintiff, in violation of the Eighth Amendment, by denying him medical care. 253 F.3d 316, 317 (7th Cir. 2001). More than two years had elapsed since the plaintiff first discovered that he had a medical problem requiring attention. *Id.* However, the plaintiff filed his suit within two years of the defendants' repeated denial of medical attention. The plaintiff argued that the denial of medical attention constituted a continuing violation, marked by "a fresh infliction of punishment that caused the statute of limitations to start running anew." *Id.* at 218. In other words, plaintiff charged a "series of wrongful acts" that created "a series of claims." *Id.* The Seventh Circuit agreed. *Id.* at 320. The court noted that "[a] violation is called 'continuing,' signifying that a plaintiff can reach back to its beginning even if that beginning lies outside the

statutory limitations period, when it would be unreasonable to require or even permit him to sue separately over every incident of the defendant's unlawful conduct. The injuries about which the plaintiff is complaining in this case are the consequence of a numerous and continuous series of events." *Id.* at 319. The court articulated the spectrum of cases along which a statute of limitations issues might present. At one extreme, a single event occasions continuing injuries; at the other extreme, an ongoing series of events occasions a cumulative injury (as in Heard's denial of medical care case); in other cases, discrete events give rise to discrete injuries (as in lost wages cases). *Id.* at 320. In *Heard*, because each day that the defendants ignored the plaintiff's request for medical treatment increased his pain, the court deemed the deliberate indifference to be a continuing violation, and thus the accrual date was the last date on which he was allegedly subjected to cruel and inhuman punishment. The court further noted that concerns regarding docket congestion (*i.e.*, a desire not to incentivize the bringing of multiple actions arising out of the same course of events) favored this result. *Id.*

The instant case is distinguishable from *Heard* in several respects. Most obviously, it concerns a Fifth Amendment rather than an Eighth Amendment violation. As another court in this district has observed, "courts have not extended the 'continuing violation' doctrine to include Fifth Amendment claims." *Lanza v. City of Chicago*, 2009 WL 1543680, at *4 (N.D. Ill. Jun. 2, 2009). Furthermore, this matter is exemplary of the type of case in which a single event – here, the coercion of a confession – gives rise to a continuing injury – *e.g.*, prosecution based on the coerced confession. Plaintiff was on notice, at least as of the date of filing of his motion to suppress, that the coerced confession constituted a violation of his constitutional rights. The motion to suppress in this case serves as an indicator of Plaintiff's knowledge. But each time the

court entertained the motion to suppress does not constitute a fresh violation of Plaintiff's Fifth Amendment rights.

The Seventh Circuit's opinion in *Savory v. Lyons*, 469 F.3d 667 (7th Cir. 2006), also is instructive. In *Savory*, the plaintiff filed a motion seeking DNA testing of the physical evidence in his case. *Id.* at 669. The state court denied the motion on July 7, 1998, after determining that the testing was not warranted. *Id.* The plaintiff filed a lawsuit under § 1983 on April 4, 2005, arguing that his constitutional rights were violated when defendants refused him access to the physical evidence against him. *Id.* at 669-70. The district court dismissed the case after concluding that the cause of action accrued on July 7, 1998, and thus was barred by the two-year statute of limitations. *Id.* at 669. On appeal, the Seventh Circuit stated that "the key inquiry is whether [the defendants'] continued refusal to release the physical evidence for testing was a fresh act each day, or whether it was a discrete act that took place upon the first refusal that merely had lingering consequences." *Id.* at 673. The Seventh Circuit held that the case presented only the latter circumstance, and affirmed the district court's decision. *Id.* The court distinguished *Heard*, in which the continued failure to provide medical treatment constituted a continued violation. *Id.*

As in *Savory*, the injury to Plaintiff was a discrete act – the coercion of his false confession in violation of the Fifth Amendment. Plaintiff can be charged with discovery of that injury at least as early as the date on which he filed his motion to suppress the coerced confession – that is, December 19, 2007. Although the coerced confession had lingering consequences – namely, the prosecution of the case until its dismissal on June 16, 2009 – the violation itself cannot be deemed a continuing one in the sense, for example, of the ongoing denial of adequate medical attention in *Heard*. The date of filing of the motion to suppress is

9

thus the date of accrual of Plaintiff's § 1983 claims. Because more than two years elapsed between the date on which the motion was filed and the date on which Plaintiff's complaint was filed, Count I and Count III are time-barred. The Court therefore grants Defendant's motion for reconsideration and Defendant's motion to dismiss those counts with prejudice. In addition, given that no federal law claims remain in the case, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim (Count IV). See 28 U.S.C. 1367(c)(3); *Szumny v. Am. Gen. Fin., Inc.*, 246 F.3d 1065, 1073 (7th Cir. 2001) (recognizing that the decision as to whether to retain supplemental state law claims is in the discretion of the district court). The Court thus grants Defendant's motion to reconsider and dismisses Count IV without prejudice to Plaintiff refilling that claim in state court.[2]

---

[2] In addition to his § 1983 claims, Plaintiff also sued the Defendants under the state law tort of malicious prosecution (Count IV). Because the Court has dismissed all claims (in Counts I and II) over which it has original jurisdiction, it must now address whether to retain jurisdiction over those state law claim. See 28 U.S.C. § 1367(c)(3)); 735 ILCS 5/13-217; *Davis v. Cook County*, 534 F.3d 650, 654 (7th Cir. 2008). The Seventh Circuit has stated consistently that "it is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly*, 193 F.3d 496, 501 (7th Cir. 1999); *Alonzi v. Budget Constr. Co.*, 55 F.3d 331, 334 (7th Cir. 1995); *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1182 (7th Cir. 1993). Finding no justification for departing from that "usual practice" in this case (see *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251-53 (7th Cir. 1994) (noting that in unusual cases judicial economy, convenience, fairness, and comity may justify a federal court's decisions of state law claims on the merits absent pendent federal jurisdiction)), the Court dismisses *without prejudice* the state law claim for malicious prosecution.

## IV. Conclusion

For the reasons set forth above, the Court grants Defendant's motion [53] for relief from judgment under Rule 60(b)(6) with respect to the Court's denial of Defendants' motion to dismiss Counts I, III, and IV of Plaintiff's complaint. To the extent that the Court's March 14 order [52] discusses and grants Defendants' motion to dismiss Count II of Plaintiff's complaint, that order remains undisturbed. The Court's March 14 order [52] otherwise is amended as follows: the Court dismisses Counts I and III of Plaintiff's complaint with prejudice, and dismisses Count IV without prejudice. Plaintiff's case is dismissed in its entirety, and the Court will enter a judgment in accordance with Federal Rule of Civil Procedure 58. Plaintiff may refile Count IV in state court. See 28 U.S.C. § 1367(d); 735 ILCS 5/13-217; *Davis v. Cook County*, 534 F.3d 650, 654 (7th Cir. 2008).

Dated: July 6, 2011

Robert M. Dow, Jr.
United States District Judge